UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN LEE RIEGER,

                    Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

Case No. 3:16-cv-05396-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his

application for disability insurance benefits. The parties have consented to have this matter heard

by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73;

Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to

deny benefits should be reversed and that this matter should be remanded for further

administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On October 23, 2012, plaintiff filed an application for disability insurance benefits,

alleging he became disabled beginning February 8, 2008. Dkt. 11, Administrative Record (AR)

12. That application was denied on initial administrative review and on reconsideration. *Id.* At a

hearing held before an Administrative Law Judge (ALJ), plaintiff appeared and testified, as a

vocational expert. AR 34-67.

ORDER - 1

In a written decision, the ALJ found that plaintiff could perform his past relevant work, as well as other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 12-28. The Appeals Council denied plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner, which plaintiff then appealed to this Court. AR 1; Dkt. 3; 20 C.F.R. § 404.981.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, or in the alternative for further administrative proceedings, arguing the ALJ erred:

    (1)    in evaluating the medical opinion evidence in the record;

    (2)    in failing to find plaintiff's impairments satisfied the criteria of a listed impairment;

    (3)    in finding plaintiff to be not fully credible;

    (4)    in assessing plaintiff's residual functional capacity; and

    (5)    in posing an incomplete hypothetical question to the vocational expert.

For the reasons set forth below, the Court agrees the ALJ erred with respect to whether plaintiff's impairments satisfied the criteria of a listed impairment, but finds reversal and remand for further administrative proceedings, rather than an award of benefits, on that basis is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of*

ORDER - 2

*Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.    The ALJ's Findings at Step Three

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* At step three of that process, the ALJ must evaluate the claimant's impairments to see if they meet or medically equal any of those listed in 20 C.F. R. Part 404, Subpart P, Appendix 1 (the Listings). 20 C.F.R § 404.1520(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

If any of the claimant's impairments meet or medically equal a listed impairment, he or she is deemed disabled. *Id.* The burden of proof is on the claimant to establish he or she meets or

ORDER - 3

equals any of the impairments in the Listings. *Tacket*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526).

A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id.*; Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2 (the determination conducted at step three must be made on the basis of medical factors alone). An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248, at *2.

Plaintiff argues substantial evidence in the record indicates his impairments meet or medically equal the criteria for disorders of the spine set forth in Listing 1.04, which reads:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> Or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> Or

ORDER - 4

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

*Id.* With respect to Listing 1.04, the ALJ found:

The claimant's lumbar spine impairments do not meet Listing 1.04A because they are not associated with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, in connection with the lumbar spine impairment, also a positive straight leg raising test (sitting and supine). These impairments also fail to meet Listing 1.04B, as they do not result in spinal arachnoiditis manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours. Finally, the claimant does not have lumbar spinal stenosis resulting in pseudoclaudication manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively. Despite the claimant's representative characterizing Dr. [Gary] Gaffield's limitation regarding rough or uneven surfaces, inclined planes, and climbing stairs as an inability to ambulate effectively, there is no evidence of the claimant is unable [sic] to ambulate effectively either in the claimant's examination with Dr. Gaffield or in the longitudinal record. Further, the undersigned rejects this interpretation of Dr. Gaffield's opinion; the undersigned understands Dr. Gaffield's opinion to state that the claimant had limitations on rough and uneven surfaces, but the claimant is still capable of walking as Dr. Gaffield previously delineated, for 30 minutes at a time up to a total of two hours in an eight-hour workday. Thus, Listing 1.04C is also not met.

AR 16-17 (internal citations omitted).

Plaintiff argues in regard to Listing 1.04A, that chart notes and electro-diagnostic studies in the record constitute evidence of nerve root compression, characterized by neuro-anatomic distribution of pain, as well as limitation of motion of the spine and muscle weakness showing motor loss. The Court agrees there is sufficient evidence to indicate plaintiff's impairments may meet or medically equal that listing. For example, an MRI from mid-March 2008, revealed "[m]oderate sized left paracentral disk protrusion at L5-S1 with definite contact and possible compression of the traversing left S1 nerve root." AR 274-75. There is also evidence of

ORDER - 5

diminished sensation and radicular pain from straight leg testing prior to plaintiff's date last insured.[1] AR 273.

While there is no indication of diminished lower extremity strength or restricted range of motion of the spine for the period prior to plaintiff's date last insured, findings similar to those noted above – as well as evidence of restricted range of motion and at least some diminishment in lower extremity strength – are contained in the record for the period after that date. AR 278-79, 309, 404, 410, 414-15, 427-29. In addition, with the exception of one electro-diagnostic study in early December 2008 (AR 315), there continued to be imaging evidence of likely contact and/or compression of the left S1 nerve root (AR 318-19). The ALJ's general statement that plaintiff's impairments fail to meet the Listing 1.04A criteria, provides no indication that the ALJ fully considered whether the above evidence is sufficient to establish listing level severity. As such, she erred.

In terms of Listing 1.04C, however, the Court disagrees with plaintiff that the ALJ erred. First, while there is a diagnosis of lumbar stenosis from the period prior to plaintiff's date last insured (AR 273), there is no indication of pseudoclaudication either before or after that date, let alone pseudoclaudication established by appropriate medically acceptable imaging (AR 274-75, 315, 318-19). Second, there is little to no evidence of chronic non-radicular pain and weakness in the record. AR 278-79, 309, 404, 410, 414-15, 427-29. Third and finally, the Court agrees with plaintiff that the ALJ erred in finding the opinion of Dr. Gaffield that plaintiff could not walk a block at a reasonable pace on rough or uneven surfaces does not constitute evidence of an

---

[1] *See* *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1460 (9th Cir. 1995) (Social Security statutory scheme requires disability to be continuously disabling from time of onset during the claimant's insured status to the time of application for benefits, if the individual applies for benefits for current disability after the expiration of his or her insured status). Plaintiff's date last insured is June 30, 2008. AR 14. Therefore, to be entitled to disability insurance benefits, plaintiff must establish he was disabled prior to or as of that date. *Tidwell*, 161 F.3d at 601.

inability to ambulate effectively.[2] AR 423. However, the Court notes that Dr. Gaffield expressly attributed that inability to left ankle weakness, rather than spinal stenosis. *Id.*

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because the evidence in the record does not definitively establish plaintiff's spinal impairments meet or medically equal the criteria of Listing 1.04A, reversal of the ALJ's decision and remand for further consideration of that issue is warranted.

---

[2] "[T]he inability to walk a block at a reasonable pace on rough or uneven surfaces," is listed as a specific example of "ineffective ambulation" in the Commissioner's regulations. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.00B. The ALJ stated she understood Dr. Gaffield's opinion to mean that plaintiff was limited in terms of his ability to walk on rough and uneven surfaces, but that he was "still capable of walking as Dr. Gaffield previously delineated, for 30 minutes at a time up to a total of two hours in an eight-hour workday." AR 17. The ability to walk for 30 minutes at a time and up to two hours in a workday, however, does not necessarily mean plaintiff would be able to walk for a block on rough or uneven surfaces. Thus, under the Commissioner's regulations, plaintiff still could be found to be unable to ambulate effectively based on Dr. Gaffield's opinion.

ORDER - 7

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED, and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 30th day of November, 2016.


Karen L. Strombom
United States Magistrate Judge

ORDER - 8